IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROGER HENSLEY, on Behalf of Himself | § | |
| and on Behalf of All Others Similarly, | § | |
| Situated | § | |
|      Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-306 |
| | § | |
| TROY CONSTRUCTION, LLC, | § | |
|      Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant, TROY CONSTRUCTION, LLC, ("Defendant") files this its Answer to Plaintiffs Original Complaint and denies each and every allegation therein except as hereinafter specifically admitted.

1.     Except to admit that Defendant, Troy Construction, LLC classified Plaintiff as exempt from overtime under the Fair Labor Standards Act ("FLSA"), Defendant denies the allegations in Paragraph 1 of the Plaintiff's Original Complaint.

2.     Defendant admits that Plaintiff purports to bring a collective action under the FLSA, but denies Defendant's conduct or actions violate the FLSA.  Defendant further denies Plaintiff is entitled to proceed collectively, that Plaintiff or others that he seeks to represent are entitled to any relief, and deny all remaining allegations of Paragraph 2.

## SUBJECT MATTER JURISDICTION AND VENUE

3.     The allegations in Paragraph 3 of the Complaint are jurisdictional in nature and require no response.  To the extent a response is required, Defendant admits this Court has jurisdiction over the subject matter of this case.

4.     Defendant admits venue is proper, but denies it did anything wrong.

5.     Defendant admits Plaintiff worked for Defendant within this District.

## PARTIES AND PERSONAL JURISDICTION

6.     To the extent a response is required, Defendant admits the allegations within Paragraph 6.

7.     With respect to the allegations in Paragraph 7 of the Complaint, Defendant denies Plaintiff or any purported FLSA Class Member is an "inspector" as that term is commonly used in the industry.  Plaintiff and the purported FLSA Class Members were employed as Project Quality Leads, not "inspectors."  Defendant further denies Plaintiff or the purported FLSA Class Members are entitled to any relief for a three year period before the filing of the Complaint and denies that Plaintiff and Class Members are entitled to proceed collectively.

8.     Defendant admits the averments within paragraph 8 of the Complaint.

## COVERAGE

9.     Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations in Paragraph 10 of the Complaint.

11.     Defendant admits the allegations in Paragraph 11.

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations in Paragraph 13 of the Complaint, but denies that Plaintiff and Class Members are entitled to proceed collectively.

**FACTS**

14.     Defendant admits the allegations in Paragraph 14 of the Complaint.

15.     Defendant denies it has three primary offices, but admits it has one in Texas and one in Georgia.  Defendant admits the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint. Defendant performs no inspection services for work performed.  Inspectors are hired and compensated by others.

17.     Defendant denies the Plaintiff worked for Defendant as a QC Inspector. Defendant states Plaintiff was employed as a Project Quality Lead from January 4, 2016 until he voluntary terminated on March 10, 2017.

18.     Defendant admits that as part of Plaintiff's employment as a Project Quality Lead, he was responsible for making visual observations of pipelines to ensure construction was performed within legal, industrial and contractual compliance, applicable regulations and accepted standards.  Defendant denies Plaintiff was responsible for performing inspections as alleged in Paragraph 18 of the Complaint.

19.     Defendant admits the allegations contained within Paragraph 18 of the Complaint. However, Defendant denies Plaintiff was an inspector and denies all other allegations within Paragraph 19 of the Complaint.

20.     Defendant cannot either admit or deny the allegations in Paragraph 20 as it does not employ inspectors.  To the extent a response is required, Defendant denies the allegations within Paragraph 20 of the Complaint.

21.     Defendant cannot either admit or deny the allegations in Paragraph 21 as it does not employ inspectors.  To the extent a response is required, Defendant denies the allegations within Paragraph 21 of the Complaint.

22.     Defendant cannot either admit or deny the allegations in Paragraph 22 as it does not employ inspectors.  To the extent a response is required, Defendant admits Project Quality Leads are paid a salary, but denies they do not receive overtime for excess hours as alleged in Paragraph 22 of the Complaint.

23.     Defendant denies the allegation in Paragraph 23 of the Complaint as it does not employ QC Inspectors.

24.     Defendant denies the allegation in Paragraph 24 of the Complaint as it does not employ QC Inspectors.

25.     Defendant denies the allegation in Paragraph 25 of the Complaint as it does not employ inspectors.

26.     Defendant denies the allegation in Paragraph 26 of the Complaint.

27.     Defendant does not employ inspectors and therefore can neither admit nor deny the allegations contained in Paragraph 27 of the Complaint. To the extent a response is required, Defendant denies the allegations within Paragraph 27 of the Complaint.

28.     Defendant does not employ inspectors and denies all allegations contained in Paragraph 28 of the Complaint.

29.     Defendant does not employ inspectors and therefore denies all allegations within Paragraph 29 of the Complaint.

30.     The allegation in Paragraph 30 of the Complaint restates a portion the Code of Federal Regulations and therefore does not require a response.  Defendant denies the stated portion

of the regulations apply to any employee of Defendant as Defendant does not employ inspectors as alleged in Paragraph 30 of the Complaint.

31.     Defendant does not employ inspectors and therefore must deny the allegations in Paragraph 31 of the Complaint.

32.     Defendant does not employ inspectors and therefore denies all allegations contained within Paragraph 32 of the Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant does not employ inspectors and further denies all inspectors perform the same general duties as alleged in Paragraph 34 of the Complaint.

35.     Defendant denies it has employed any inspectors over the past three years. As alleged in Paragraph 35 of the Complaint.

36.     Defendant denies all allegations contained within Paragraph 36 of the Complaint.

37.     Defendant denies a three year statute of limitations applies to the present action as alleged in Paragraph 37 of the Complaint.

38.     Defendant denies it cannot show it acted in good faith as alleged in Paragraph 38 of the Complaint.

## COUNT ONE: VIOLATION OF 29 U.S.C. §207

39.     With respect to the allegations of Paragraph 39, Defendant herein incorporates by reference as though set out in full all denials, admissions and other responses in Paragraphs 1 through 38, and otherwise deny all allegations not expressly admitted.

40.     Defendant denies it violated the FLSA as alleged in Paragraph 40 of the Complaint.

41.     Defendant denies no exemption applies to this case as alleged in Paragraph 41 of the Complaint.

## **COLLECTIVE ACTION ALLEGATIONS**

42.     With respect to the allegations of Paragraph 42, Defendant herein incorporates by reference as though set out in full all denials, admissions and other responses in Paragraphs 1 through 41, and otherwise deny all allegations not expressly admitted.

43.     Defendant denies it has misclassified any employee and further responds it has no knowledge as to the remaining allegations contained within Paragraph 43 of the Complaint, to the extent a response is required, and defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant has no knowledge as to the allegations contained within Paragraph 44 of the Complaint, to the extent a response is required, and defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained within Paragraph 45 of the Complaint and further denies a three year Statute of Limitations applies to the present action.

46.     Defendant denies the allegations contained within Paragraph 46 of the Complaint and further denies Plaintiff and Class Members are entitled to proceed collectively or that a three year Statute of Limitations applies to the present action.

47.     Defendant denies the allegations contained within Paragraph 47 of the Complaint and further denies that Plaintiff and Class Members are entitled to proceed collectively or that a three year Statute of Limitations applies to the present action.

48.     Defendant denies there are other similarly situated workers to the Plaintiff and denies all other allegations within Paragraph 48 of the Complaint.

49.     Defendant denies it employs any inspectors as alleged in Paragraph 49 of the Complaint.

50.     Defendant denies it employed any inspectors and as such denies the allegations alleged in Paragraph 50 of the Complaint.

51.     Defendant denies it misclassified or continues to misclassify the Plaintiff or any purported FLSA Class Member as alleged in Paragraph 51.

52.     At this time, Defendant can neither admit nor deny the purported FLSA Class Members working as a Project Quality Control Lead perform or have performed the same or similar work as Plaintiff, but denies any employee was misclassified as alleged within Paragraph 52 of the Complaint.

53.     Defendant denies any purported FLSA Class Member is not exempt from receiving overtime pay under the FLSA as alleged in Paragraph 53 of the Complaint.

54.     At this time, Defendant can neither admit nor deny the purported FLSA Class Members working as a Project Quality Control Lead perform or have performed the same or similar work as Plaintiff.  Defendant admits Plaintiff and purported FLSA Class Members are subject to a similar pay structure, but denies Defendant misclassified any employee and all other allegations contained within Paragraph 54 of the Complaint.

55.     Defendant admits there are generally applicable policies and practices, but denies the application of the same resulted in a misclassification or failure to pay in accordance with the FLSA and further denies it does not depend on personal circumstances as alleged within Paragraph 55 of the Complaint.

56.     Defendant can neither admit nor deny the allegations in Paragraph 56 of the Complaint. To the extent a response is required, Defendant denies the allegations within Paragraph 56 of the Complaint.

57.    Defendant admits the specific job title of each purported FLSA Class Member does not prevent collective treatment, but denies the precise job duties support collective treatment as alleged within Paragraph 57 of the Complaint.

58.    Defendant denies the allegations in Paragraph 58 of the Complaint.

59.    Defendant denies Plaintiff and any purported FLSA Class Member is entitled to any award for damages.  Defendant admits the exact amount of damages, if any, vary among the purported FLSA Class Members. Defendant denies any damages may be calculated easily and denies all claims arise from a common nucleus of facts. Defendant denies all remaining allegations within Paragraph 59 of the Complaint and contends each purported FLSA Class Member and Plaintiff must be individually evaluated and are dependent on project, scope of work, schedule, duties and responsibilities as well as other unique variables for Plaintiff and each purported FLSA Class Member.

60.    Defendant denies the purported FLSA Class can be defined as suggested and further deny all other allegations in Paragraph 60 of the Complaint.

## JURY DEMAND

61.    The allegations contained in Paragraph 61 of the Complaint constitute a demand for a jury trial and requires no response.

## PRAYER

62.    The allegations contained in Paragraph 62 of the Complaint constitute a plea for relief and require no response. Defendant denies that Plaintiff or any other person is entitled to the relief requested in the prayer for relief and, in all respects, deny said "Prayer for Relief" including Subparagraphs a-d thereof.

63.     Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendant, Defendant asserts the following defenses:

## AFFIRMATIVE DEFENSES

64.     The Complaint fails to state a claim upon which relief may be granted.

65.     Defendant invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

66.     Without assuming the burden of proof, Plaintiffs and members of the purported collective action are not similarly situated. The potential claims of the purported collective action members reflect variability and cannot proceed collectively under 29 U.S.C. §216(b).

67.     The Complaint is barred, in whole or in part, to the extent that Plaintiff (or any claimant who is permitted to opt-in to join this action) is estopped by his or her own conduct from claiming any damages or relief against Defendant.

68.     At all times relevant hereto, Defendant acted in good faith and did not willfully violate any rights which may be secured to Plaintiff, or to employees who are similarly situated, under the Fair Labor Standards Act or under any applicable federal, state or local laws, rules, regulations or guidelines.

69.     Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA

70.     Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

71.     In the alternative, Defendant is entitled to offset monies or other consideration paid or provided by Defendant for periods in which Plaintiff or any purported FLSA Class Member was not engaged in work.

72.     Plaintiff and any similarly situated employees are not entitled to any recovery because during all or part of the time period relevant to this proceeding, they were exempt from overtime coverage under the Fair Labor Standards Act, 29 USC § 213(a)(1).

73.     Plaintiff is not entitled to punitive/liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

74.     Plaintiff's action is barred because he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

75.     Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith, in conformity with, and/or in reliance on a written administrative regulation, order, ruling, approval, or interpretation of the Administrator of the Wage and Hour Division of the Department of Labor, or an administrative practice or enforcement policy of the Administrator of the Wage and Hour Division of the Department of Labor.  29 U.S.C. §260.

76.     Defendant contends some of the purported FLSA Class Member's claims may be barred, in whole or in part, by the applicable statute of limitations.  Going further, Defendant did not commit any willful violation of the Fair Labor Standards Act and, therefore, the statute of limitations for Plaintiff's claims or claims by any purported FLSA Class Member is limited to two years prior to the date the Complaint was filed.

77.     Defendant reserves the right to seek to amend this Answer, and to assert additional affirmative defenses, as discovery progresses.

78.     Since January 2016, Plaintiff was paid $2,308.00 each week on a salary basis which exceeds the statutory minimum of $455 per week or the annual compensation of $100,000. Additionally, at all times prior to the filing of the Complaint, Plaintiff and any purported FLSA Class Member's primary duty included performing office or non-manual work.  This work includes, but is not limited to, supervising the on-site quality control function for assigned projects, conducting audits to determine adequacy of performance, evaluating performance procedures and quality, and supervisory authority to stop work to ensure contractual, legal and regulatory compliance.

79.     In the course of performing this work, Plaintiff and any other purported FLSA Class Member performing the duties and function of a Project Quality Lead would customarily and regularly perform at least one of the exempt duties or responsibilities of an exempt executive or administrative employee including, without limitation, performance of duties without supervision, as the on-site representative of Defendant and work directly related to the management or general business operations of Defendant's clients.  Accordingly, Plaintiff and any other purported FLSA Class Member, employed as a Project Quality Lead, was exempt under the highly compensated employee exemption described in 29 C.F.R. §541.601.

WHEREFORE, Defendant requests that Plaintiff's claims be dismissed with prejudice, that Defendant recover its costs and attorneys fees, and for such other and further relief as may be proper.

Respectfully submitted,

COKINOS | YOUNG

BY:  /s/  Gregory M. Cokinos
       GREGORY M. COKINOS
       FBN: 63918
       Texas Bar No. 04527250
       GMCokinos@CokinosLaw.com
       W. PATRICK GARNER
       PGarner@CokinosLaw.com
       FBN: 21192
       Texas Bar No. 00798200
       Four Houston Center
       1221 Lamar Street, 16th Floor
       Houston, Texas 77010-3039
       (713) 535-5500
       Fax:  (713) 535-5533

Attorneys for Defendant,
TROY CONSTRUCTION, LLC

## CERTIFICATE OF SERVICE

       I certify that a copy of the foregoing document was served by the court's electronic filing system pursuant to Rule 5 of the Federal Rules of Civil Procedure on the _____ day of February, 2018, upon the following counsel of record:

Beatriz Sosa-Morris
BSosaMorris@smnlawfirm.com
State Bar No. 24076154
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas  77005

                    /s/  Gregory M. Cokinos
                   GREGORY M. COKINOS